IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTINE MARIE O'BRIEN, INDIVIDUALLY, AND AS NEXT FRIEND OF I.T.O., A MINOR, | § § § § § | |
| *Plaintiffs*, | § § | |
| V. | § § | C.A. NO. _____ |
| R & C TRANSPORTATION, L.L.C., AND AUGUSTO RODRIGUEZ TOLEDANO | § § § § | |
| *Defendants*. | § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs Christine Marie O'Brien, Individually, and as Next Friend of I.T.O., a Minor, and complain of Defendants R & C Transportation, L.L.C. and Augusto Rodriguez Toledano, as follows:

### A. Parties

1. Plaintiffs Christine Marie O'Brien, individually, and as Next Friend of I.T.O., a minor, are residents of Frisco, Collin County, Texas.[1]

2. Defendant R & C Transportation, L.L.C. is a limited liability corporation formed and existing under the laws of the State of Arizona. Defendant maintains its principal place of business at 4655 N. 101 Spring St. Ave., Phoenix, Arizona 85037. Defendant may be served with process

---

[1] Plaintiffs have used initials in order to protect the minor's rights to privacy. *See* Fed. R. Civ. P. 5.2(a)(3); *see Villanueva ex. rel. M.V. v. San Marcos Consol. I.S.D.*, 2006 WL 2591082, at n. 1 (W.D. Tex. 2006) ("Because M.V. is a minor, the Court, pursuant to this District's privacy policy, will use only the initials of M.V.").

by serving its registered agent, All American Agents of Process, Mr. Gary Doyle, 2929 N. 44th St., Ste. 120, Phoenix, Arizona 85018, or wherever Defendant may be found.

3. Defendant Augusto Rodriguez Toledano is an individual residing in Glendale, Maricopa County, Arizona. Mr. Toledano may be served with process by serving him at 5950 W. Missouri Ave., # 229, Glendale, Arizona 85301, or wherever Defendant may be found.

### B. Jurisdiction

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) for the causes of action asserted herein. Further, Defendant R & C Transportation, L.L.C. and Defendant Augusto Rodriguez Toledano conduct business in the State of Texas by hauling goods and materials over public streets and roads for profit. Defendants' participation in interstate commerce in the State of Texas and the occurrence of the collision made the basis of this suit (i.e. a tort) are sufficient to establish personal jurisdiction over Defendants. Tex. Civ. Prac. & Rem. Code § 17.042. These actions also constitute minimum contacts with the State of Texas, such that exercising personal jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### C. Venue

5. Venue is proper in this district because this civil action is brought in the district where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(2).

### D. Facts

6. Defendant R & C Transportation, L.L.C. (R & C) made dangerous decisions that allowed Defendant Augusto Rodriguez Toledano (Toledano) to run a red light and nearly kill Christine Marie O'Brien (Christine) and her son, I.T.O.

7. On July 21, 2020, Christine and her son were driving east into the intersection of Briargrove and Dallas Parkway North in Dallas, Collin County, Texas on a green-light when a large tractor-trailer slammed into the passenger-side of Christine's car. The tractor-trailer was loaded down with automobiles. The force of the collision pushed Christine's car across the north-end of the intersection and spun the car. When the pushing finally stopped, Christine and her son could barely move. The airbags had deployed, the smell of smoke and gasoline filled the air. Police and EMS responded, and both Christine and her son were taken to the hospital.



8. Investigating the scene, Officer Bescherer with the Dallas Police Department determined that Defendant Toledano, the driver of the tractor-trailer, ran a red light and caused this serious collision. Independent, eye-witnesses also confirmed that Defendant Toledano caused this collision.

9. At the time he slammed into Christine and her son, Defendant Toledano was an employee of Defendant R & C. At the moment of impact, Defendant Toledano was in the course and scope of his employment, including statutory employment, for Defendant R & C. Defendant R & C was the owner of both the tractor and trailer driven by Defendant Toledano at the time of the collision.

10. Yet, Defendant Toledano's decision to run the red light was not the only cause of the collision that day. Defendant R & C allowed Toledano, an unsafe professional driver, to get behind the wheel of a multi-ton vehicle. In the two years before the collision, Defendant R & C's drivers had 3 serious accidents, resulting in five people being seriously injured. In that time, Defendant R & C has been repeatedly cited for safety violations, including drivers who disregard red lights, cannot read or speak English sufficient to respond to police, and drove while their licenses were suspended. At the time of the collision, Defendant Toledano had recent criminal citations, including one for careless driving.

11. Defendants R & C allowed an unsafe driver, Defendant Toledano, to take the wheel, and Defendant R & C's regular disregard for the safety of others on the road speaks to why they did that. As a result of the collision caused by this negligence and gross negligence of Defendants R & C and Toledano, Christine and her son, I.T.O., sustained serious and permanent injuries, including broken bones and concussions.

### E.   Causes of Action Against Defendant R & C Transportation, L.L.C.

#### Negligence & Gross Negligence

12.   Plaintiffs incorporate the factual allegations set out in paragraphs 5-10.

13.   Defendant R & C was independently negligent in its leasing, hiring, training, supervising, management, and retaining Defendant Toledano. Defendant R & C owed a duty to use ordinary care in the leasing, hiring, training, supervising, management, and retaining Defendant Toledano that entities like Defendant R & C would use under the same or similar circumstances. Defendant R & C failed to use reasonable care in leasing, hiring, training, supervising, management, and retaining Defendant Toledano. Defendant R & C also knew or, through the exercise of ordinary care, should have known that Defendant Toledano was an unqualified and/or incompetent driver. Each of these acts and omissions, singularly or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this suit and Plaintiffs' injuries and damages.

#### Negligence via Respondeat Superior

14.   Plaintiffs incorporate the factual allegations set out in paragraphs 5-10.

15.   Plaintiffs would further demonstrate that Defendant R & C by and through its employees, agents, servants, and apparent or ostensible agents, including Defendant Toledano, were acting within the course and scope of their agency or employment with the Defendant, who is liable for their acts under the theories of respondent superior or apparent agency.

16.   By reason of the facts set forth above, Defendant R & C, by and through its agents, servants and/or employees both actual and ostensible, including Defendant Toledano, who were acting within the course and scope of their employment were negligent in failing to properly carry out

their responsibilities in accordance with acceptable standards, thereby proximately causing injury to Plaintiffs, and their resulting damages, for which Defendant is liable.

17. Defendant, by and through its agents, servants and/or employees, including Defendant Toledano, failed in the following aspects:

    a. Defendant Toledano failed to keep a proper lookout;

    b. Defendant Toledano failed to bring his vehicle to a stop in obedience to a traffic control device which faced Defendant, in violation of the traffic ordinances of the City of Dallas and the laws of the State of Texas, including Texas Transportation Code, §§ 544.004, 544.007 and 545.151;

    c. Defendant Toledano violated local ordinances and Texas Transportation Code § 545.351 by driving at a greater rate of speed than the speed at which a reasonably prudent person would have driven under the same or similar circumstances;

    d. Defendant Toledano drove his vehicle at the time and on the occasion in question with willful or wanton disregard for the safety of others, in violation of the laws of the State of Texas, including Texas Transportation Code, §§ 545.401 and 545.060; and

    e. Defendant Toledano failed to operate his motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated in violation of 49 CFR §392.2 and 37 Texas Administrative Code §4.11.

18. Each of these acts and omissions, singularly or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this suit and Plaintiffs' injuries and damages.

### Negligent Entrustment

19. Plaintiffs incorporate the factual allegations set out in paragraphs 5-10.

20. Defendant R & C is further directly liable as Defendant R & C entrusted its vehicle to a person who was a careless, reckless, incompetent and/or unqualified driver. Defendant Toledano was either not adequately trained regarding the use and operation of Defendant's vehicle, or he was actually aware that his actions of driving at an excessive speed and running a red light were unsafe actions that should have been known and appreciated by a licensed driver, let alone a professional driver. Defendant R & C knew, or through the exercise of reasonable care should have known, that Defendant Toledano, was a careless, reckless, incompetent and/or unqualified driver or was not adequately trained regarding proper use and operation of Defendant's vehicle. Defendant R & C was negligent in entrusting its vehicle involved in the collision to Defendant Toledano.

21. Each of these acts and omissions, singularly or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this suit and Plaintiffs' injuries and damages.

### F.   Causes of Action Against Defendant Toledano

### Negligence

22. Plaintiffs incorporate the factual allegations set out in paragraphs 5-10.

23. Plaintiffs would show the Court that violations of the local ordinances and statutory violations by Defendant Toledano, and the negligent and grossly negligent acts and omissions of Defendant Toledano, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs.

The violations of local and state traffic laws constitute negligence per se. Said violations, negligent, and grossly negligent acts and omissions by Defendant are, among others, as follows:

a. Defendant Toledano failed to keep a proper lookout;

b. Defendant Toledano failed to bring his vehicle to a stop in obedience to a traffic control device which faced Defendant, in violation of the traffic ordinances of the City of Dallas and the laws of the State of Texas, including Texas Transportation Code, §§ 544.004, 544.007 and 545.151;

c. Defendant Toledano violated local ordinances and Texas Transportation Code § 545.351 by driving at a greater rate of speed than the speed at which a reasonably prudent person would have driven under the same or similar circumstances;

d. Defendant Toledano drove his vehicle at the time and on the occasion in question with willful or wanton disregard for the safety of others, in violation of the laws of the State of Texas, including Texas Transportation Code, §§ 545.401 and 545.060; and

e. Defendant Toledano failed to operate his motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated in violation of 49 CFR §392.2 and 37 Texas Administrative Code §4.11.

24. Each of these acts and omissions, singularly or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this suit and Plaintiffs' injuries and damages.

### G. Exemplary Damages

25. Plaintiffs incorporate the factual allegations set out in paragraphs 5-10. The acts and/or omissions of the Defendants described above were of such a character as to make Defendants guilty of gross negligence. The conduct of Defendants, viewed objectively from the standpoint of the Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Moreover, the Defendants engaged in the conduct with conscious indifference to the rights, safety and/or welfare of others, despite the

Defendants' actual, subjective awareness of the risk involved.  Therefore, Plaintiffs are entitled to recover exemplary damages and seek exemplary damages in an amount that may be found by the trier of fact that is sufficient to deter this type of conduct in the future.

### H.      Respondeat Superior

26.    Defendant R & C, as Defendant Toledano's employer or statutory employer on the date of the collision, is liable under the doctrine of *respondeat superior* in that the acts of Defendant Toledano were performed in the course and scope of his employment or statutory employment with Defendant R & C.

### I.      Misnomer/Alter Ego

27.     In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that any such "corporate veils" should be pierced to include such parties in this action in the interest of Justice.

### J.    Damages

28.    As a direct and proximate result of Defendants' conduct, as set forth above, Plaintiff Christine Marie O'Brien is entitled to recover damages as follows:

   a.   Reasonable medical care and expenses in the past for Plaintiff Christine Marie O'Brien. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b.   Reasonable medical care expense that, in reasonable probability, Plaintiff Christine Marie O'Brien will incur in the future for himself;

   c.   Reasonable medical care and expenses in the past for minor Plaintiff I.T.O. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services;

    d.    Reasonable medical care expenses that, in reasonable probability, minor Plaintiff I.T.O. will incur in the future;

    e.    Physical pain and suffering in the past;

    f.    Physical impairment in the past;

    g.    Mental anguish in the past;

    h.    Physical pain and suffering in the future;

    i.    Physical impairment in the future;

    j.    Mental anguish in the future;

    k.    Exemplary damages;

    l.    Pre-judgment and post-judgment interest;

    m.    Loss of use of the vehicle Plaintiff was driving on the date of the collision;

    n.    Costs of Court; and

    o.    Such other relief, at law and in equity, to which Plaintiff shall be entitled.

29.    As a direct and proximate result of Defendants' conduct, as set forth above, minor Plaintiff I.T.O. is entitled to recover damages as follows:

    a.    Physical pain and suffering in the past;

    b.    Physical impairment in the past;

    c.    Mental anguish in the past;

    d.    Physical pain and suffering in the future;

    e.    Physical impairment in the future;

    f.    Mental anguish in the future;

    g.    Exemplary damages;

    h.    Pre-judgment and post-judgment interest;

    i.    Costs of Court; and

j.   Such other relief, at law and in equity, to which Plaintiff shall be entitled.

## K.   Jury Demand

30.   Plaintiffs request that a Jury be convened to try the factual issues in this cause.  Plaintiffs have paid the jury fee.

## L.   PRAYER

31.   WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Defendants be cited to appear and answer herein, that upon final hearing of this cause, Plaintiffs have judgment against the Defendants, with interest from the date of injury and costs of Court, and for such other and further relief, general and special, at law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**SAWICKI LAW**

*/s/ Andrew A. Jones*

_____

**ANDREW A. JONES**
State Bar of Texas No. 24077910
ajones@sawickilawfirm.com
**MICHAEL G. SAWICKI**
State Bar Texas No. 17692500
msawicki@sawickilawfirm.com
6116 N. Central Expressway, Ste. 1400
Dallas, Texas 75206
(214) 468-8844
(214) 468-8845 (Fax)

**ATTORNEYS FOR PLAINTIFFS**